UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21419-CIV-ALTONAGA/Reid

**HUBER OTONIEL ARGUETA PEREZ**,

    Plaintiff,
v.

**FIELD OFFICE DIRECTOR**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Huber Otoniel Argueta Perez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 4]. Because Plaintiff treats the issues he raises and the extraordinary and drastic remedies he requests — which include the certification of a class and Plaintiff's return and the return of removed non-citizens to the United States — as emergencies, so, too, will the Court, opting for brevity in its explanation for a summary denial of the Motion.

Under Local Rule 7.1(a)(2), the Motion must be accompanied by a proposed order. *See id.* While Plaintiff attaches a proposed Temporary Restraining Order [ECF No. 4-1][1] to his Emergency Motion, the Motion and proposed TRO are woefully deficient.

*First, the Motion.* Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 65. *See, e.g.*, *Carepatrol Franchise Sys., LLC v. Kirby Care, Inc.*, No. 20-22662, 2020 WL 4464698, at *1 (S.D. Fla. July 1, 2020). Plaintiff requests the Court enter a TRO

---

[1] The proposed TRO provisionally certifies a class and requires Defendants to: immediately facilitate Plaintiff's return to the United States at no expense to him; identify all persons in the proposed class who were on the same flight as Plaintiff and on other flights leaving the United States and facilitate their return; cease removing persons in their custody from the United States while such persons' removal proceedings remain pending; and reopen removal proceedings for unlawfully removed class members. (*See* Mot. 4–5; Proposed TRO 1–2).

without notice to the five named Defendants.  Yet, the Motion does not contain verification from Plaintiff's attorneys stating why notice to Defendants should not be required or disclose efforts expended to give Defendants notice.  *See id.*; (*see generally* Mot.).

And despite seeking provisional certification of a class, Plaintiff also fails to address the Federal Rule of Civil Procedure 23 requirements for class certification.  (*See generally* Mot.). Several district courts have conditionally certified classes in the context of issuing injunctive relief.  *See Ill. League of Advocs. for the Developmentally, Disabled v. Ill Dep't of Hum. Servs.*, No. 13-C-1300, 2013 WL 3287145, at *3 (N.D. Ill. June 28, 2013) (collecting cases).  Yet, the Court finds nothing in Rule 23 allowing it to entirely dispense with the prerequisites set out in the Rule in the interest of awarding emergency injunctive relief.  *See id.*; *see also Abby v. Paige*, 282 F.R.D. 576, 578 (S.D. Fla. 2012) ("[T]he courts must ensure through 'rigorous analysis,' that each and every element of Rule 23 is established at the time of certification." (alteration added; citation omitted)).

*Second, the proposed TRO.*  Plaintiff's proposed order does not adequately lay out the legal standards that apply to a TRO, including all four elements of a TRO and how Plaintiff has met them, as well as how he satisfies the Rule 23 requirements.  *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted); *see also AryliCon U.S.A. v. Silikal GMBH & Co.*, 46 F.4th 1317, 1327 (11th Cir. 2022) (finding a permanent injunction order deficient for failure to include the requisite Rule 65 analysis).  The proposed order does not provide any analysis or authority for entry of the requested injunctive relief.  *See* Fed. R. Civ. P. 65(b)(2) (listing requirements that must be included within a temporary restraining order issued without notice).  When moving on an emergency basis for entry of a TRO that certifies a class and is mandatory rather than merely prohibitive, *see, e.g.*, *FHR TB, LLC v. TB Isle Resort, LP*,

CASE NO. 25-21419-CIV-ALTONAGA/Reid

865 F. Supp. 2d 1172, 1192 (S.D. Fla. 2011) (citations and footnote call number omitted), as here, the Court requires that Plaintiff include in his proposed order the legal standards and facts supporting his claims and the extraordinary relief being requested, such that the Court can determine whether class certification and a TRO are or are not warranted. The proposed order also fails to comply with Federal Rule of Civil Procedure 23(c), governing the contents of class certification orders.

Being fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff, Huber Otoniel Argueta Perez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction **[ECF No. 4]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of March, 2025.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record